UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JIMMIE LEE CLARK III,

      Plaintiff,

v.                             Case No.: 2:25-cv-00360-SPC-NPM

AMY C. SWAN, JORDAN GREENE, DEPARTMENT OF CHILDREN & FAMILY SERVICES, and FLORIDA CIVIL COMMITMENT CENTER,

      Defendants,
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Jimmie Lee Clark III's Complaint for Violation of Civil Rights (Doc. 1). Clark is an involuntarily committed resident of the Florida Civil Commitment Center (FCCC). A state court committed him under Florida's Jimmy Ryce Act because a jury found him to be a sexually violent predator. Clark sues a psychologist who evaluated him during the commitment process, the assistant state attorney who prosecuted the commitment case, Florida's Department of Children and Families, and the FCCC under 42 U.S.C. § 1983. United States Magistrate Judge Nicholas Mizell granted Clark leave to proceed *in forma pauperis*, so the Court must review the complaint to determine if it is frivolous or malicious, fails to state a

claim, or seeks monetary damages from a person immune from such relief. 28 U.S.C. § 1915(e)(2).

To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998)). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

Clark challenges the legality of his confinement, claims the defendants "misutilized" a prior conviction during the commitment proceeding, and asserts a violation of his HIPAA[1] rights. He seeks $18 million in damages.

Clark's HIPAA claim is a non-starter because HIPAA does not create a private right of action. *See Laster v. CareConnect Health Inc.*, 852 F. App'x 476, 477 (11th Cir. 2021). Clark's claims arising from his civil commitment fail for a few reasons.

First, Clark's direct appeal of the commitment order is pending in a state appellate court. Principles of equity, comity, and federalism require the Court

---

[1] The Health Insurance Portability and Accountability Act of 1996

to abstain from interfering in the state commitment proceeding. *See Younger v. Harris*, 401 U.S. 37, 45 (1971) (stating "absent extraordinary circumstances" federal court should not enjoin state criminal proceedings); *see also Newsome v. Broward Cnty. Public Defenders*, 304 F. App'x 814, 815 (11th Cir. 2008) (applying the *Younger* abstention doctrine to civil-commitment proceedings under Florida's Jimmy Ryce Act). Clark provides no reasons for this Court to overlook the abstention principle. Nor does he allege any facts that warrant application of any exception to the *Younger* doctrine. *See Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004).[2]

Second, Clark's claims are barred by the *Heck* doctrine, which prohibits him from using § 1983 to challenge "the unlawfulness of his conviction or confinement" unless the commitment order was reversed or invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Fetzer v. Sec'y, Fla. Dep't of Children and Families*, No. 20-1139-E, 2020 WL 5625172, at *1 (11th Cir. Aug. 13, 2020) (applying the *Heck* doctrine to civilly committed sexually violent predators). That is true whether the claim is construed as a challenge to the results or the procedure of the state commitment proceedings because either

---

[2] Noting the Supreme Court in *Younger* set three exceptions to the abstention doctrine: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Ibid.*

way, a judgment in the plaintiff's favor would imply the illegality of his confinement. *See Price v. McNeil*, 340 F. App'x 581, 584 (11th Cir. 2009).

Third, Clark cannot sue assistant state attorney Jordan Greene for representing the State of Florida in the commitment proceeding. Prosecutors enjoy absolute immunity for federal claims stemming from their function as advocates. *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009).

For these reasons, the Court will dismiss Clark's complaint for failure to state a claim. Because Clark's claims are barred by *Younger*, *Heck*, and prosecutorial immunity, amendment would be futile.

Accordingly, it is now

**ORDERED:**

1. Jimmie Lee Clark III's Complaint for Violation of Civil Rights (Doc. 1) is **DISMISSED without prejudice**.

2. The Clerk is **DIRECTED** to terminate all pending motions and deadlines, enter judgment, and close this file.

**DONE** and **ORDERED** in Fort Myers, Florida on June 24, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record